FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 12 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUKKRIS SUWANSANG,<br><br>Defendant. | 2:14-CR-053-GMN-DJA<br><br>**Final Order of Forfeiture** |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); 18 U.S.C. § 924(d)(1), (2)(C), (3)(B), and (3)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), (a)(2), and (p); and 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c) based upon the plea of guilty by Jukkris Suwansang to the criminal offenses, forfeiting the property and imposing an in personam criminal forfeiture money judgment set forth in the Forfeiture Allegations of the Indictment and shown by the United States to have the requisite nexus to the offenses to which defendant Jukkris Suwansang pled guilty. Indictment, ECF No. 11; Change of Plea, ECF No. 51; Preliminary Order of Forfeiture, ECF No. 53.

This Court finds that the United States may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

The in personam criminal forfeiture money judgment amount of $14,570 complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

/ / /

1    This Court finds the United States published the notice of forfeiture in accordance
2    with the law via the official government internet forfeiture site, www.forfeiture.gov,
3    consecutively from July 25, 2014, through August 23, 2014, notifying all potential third
4    parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No.
5    61.
6    This Court finds the United States notified known third parties by personal service or
7    by regular mail and certified mail return receipt requested of their right to petition the Court.
8    Notice of Filing Service of Process – Personal Service, ECF No. 85; Notice of Filing Service
9    of Process – Mailing, ECF No. 86.
10   On October 17, 2014, and October 21, 2014, the United States Marshals Service
11   attempted to personally serve Jared Beard with copies of the Amended Preliminary Order of
12   Forfeiture, the Preliminary Orders of Forfeiture, and the Notice but was unsuccessful.
13   Notice of Filing Service of Process – Personal Service, ECF No. 85, p. 2-18.
14   On October 17, 2014, the United States Marshals Service attempted to personally
15   serve Terry Mitchell with copies of the Amended Preliminary Order of Forfeiture, the
16   Preliminary Orders of Forfeiture, and the Notice but was unsuccessful. Notice of Filing
17   Service of Process – Personal Service, ECF No. 85, p. 19-35.
18   On November 13, 2014, and November 20, 2014, the United States Marshals Service
19   attempted to personally serve Terry Mitchell with copies of the Amended Preliminary Order
20   of Forfeiture, the Preliminary Orders of Forfeiture, and the Notice but was unsuccessful.
21   Notice of Filing Service of Process – Personal Service, ECF No. 85, p. 36-52.
22   On December 22, 2014, FBI Special Agent Justin I. Nwadiashi declared that despite
23   multiple data base checks he was unable to locate Jared Beard or Terry Mitchell. Notice of
24   Filing Service of Process – Personal Service, ECF No, 85, p. 53-54 and Notice of Filing
25   Service of Process – Mailing, ECF No. 86, p. 30-31.
26   On October 16, 2014, the United States Attorney's Office served Frederick Killion
27   with copies of the Amended Preliminary Order of Forfeiture, the Preliminary Orders of
28   / / /

Forfeiture, and the Notice through regular and certified mail, return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 86, p. 2, 4-22.

On October 16, 2014, the United States Attorney's Office served Hoa Vanle with copies of the Amended Preliminary Order of Forfeiture, the Preliminary Orders of Forfeiture, and the Notice through regular and certified mail, return receipt requested. Notice of Filing Service of Process – Mailing, ECF No. 86, p. 2, 4-19, 23-25.

On October 16, 2014, the United States Attorney's Office attempted service on Jared Beard with copies of the Amended Preliminary Order of Forfeiture, the Preliminary Orders of Forfeiture, and the Notice through regular and certified mail, return receipt requested but was unsuccessful. The postal service stated that the mailings were 'attempted – not known' and that they were 'unable to forward' them. Notice of Filing Service of Process – Mailing, ECF No. 86, p. 2, 4-19, 26-29.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States:

1. one (1) Taurus .38 caliber revolver bearing manufacturer's serial number LC40499;
2. one (1) Taurus model PT 740 .40 caliber semi-automatic handgun bearing manufacturer's serial number SDT94901;
3. one (1) Kel-Tec model PF-9 9 millimeter semi-automatic handgun bearing manufacturer's serial number S3Y89;
4. one (1) Smith & Wesson model SD40VE .40 caliber semi-automatic handgun bearing manufacturer's serial number HED2760;
5. any and all ammunition;

3

  6.  $290.00 in United States Currency; and

  7.  $2,810.00 in United States Currency

(all of which constitutes property); and

  that the United States recover from Jukkris Suwansang the in personam criminal forfeiture money judgment of $14,570, not to be held jointly and severally liable with any codefendants, the collected money judgment amount between the codefendants is not to exceed $14,570, and that the property will not be applied toward the payment of the money judgment; and

  the forfeiture of the money judgment and the property is imposed pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 924(d)(1), (2)(C), (3)(B), and (3)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), (a)(2), and (p); 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

  DATED _Nov 12_, 2019.

_____
HONORABLE GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

4